EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO DE JESÚS, acusado y apelante.

No. 2502.—*Visto:* Junio 11, 1925. *Resuelto:* Junio 15, 1925.

1. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —DENUNCIA SUFICIENTE.—Imputa un delito de acometimiento y agresión grave una denuncia que alega que ciertas heridas se causaron con ''una cuchilla plegadiza . . . . en circunstancias que indicaban intención de inferir graves heridas corporales''.

2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —EVIDENCIA—HECHOS QUE JUSTIFICAN LA DEFENSA PROPIA.—Un hombre débil, convalesciente de una grave enfermedad, que, después de insultado es derribado al suelo y agredido por otro robusto y fuerte, hace uso de su cortaplumas y hiere, actúa en legítima defensa.

SENTENCIA de R. *Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de acometimiento y agresión grave. *Revocada y absuelto el acusado.*

*Cristino R. Colón,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se imputó a Pedro de Jesús la comisión de un delito de acometimiento y agresión con circunstancias agravantes consistente en haber acometido y agredido a Dolores Alvarado "con una cuchilla plegadiza" infiriéndole dos heridas. En la denuncia se dice que "La agravante consiste en haberse cometido la agresión con un arma mortífera y en circunstancias que indicaban intención de inferir graves heridas corporales."

En el acto de la vista declararon el agredido Vázquez y los testigos Ceferino Torres, Florencio Ribera y Guillermo Ortiz, todos presentados por el Fiscal. El acusado no aportó prueba alguna. La corte lo "declaró culpable del delito imputádole" y lo condenó a cien dólares de multa o en su defecto a noventa días de cárcel.

No conforme el acusado apeló señalando en su alegato dos errores cometidos, a su juicio, por la corte, al no eliminar de la denuncia la calificación de grave y al apreciar la prueba.

[1] El primer error no existe. Si bien debió expresarse en la denuncia que la cuchilla plegadiza medía más de tres pulgadas para que pudiera concluirse que era un arma prohibida, aceptando que no existía la agravante del uso de un arma prohibida, siempre se sostendría la calificación de "grave" por haberse expresado que las heridas se causaron

"en circunstancias que indicaban intención de inferir graves heridas corporales."

[2] Examinemos el segundo error. Para ello es necesario analizar la prueba.

Después de algunas manifestaciones sin importancia, la declaración del herido Vázquez lee como sigue:

"¿Qué le hizo este acusado a Ud? R. Pues me hirió.—¿Con qué lo hirió? R. El me hirió con un cuchillo que tenía como ocho o nueve pulgadas.—¿No fué con una cuchilla plegadiza? R. No sé, esa cuchilla no existía allí.—¿Por dónde lo hirió? R. El me hirió con un cuchillo que tenía, digo, aquí en la espalda me dió dos puñaladas."

Nada más dice el herido con respecto a la manera cómo ocurrió el suceso.

Ceferino Torres declaró que—

"Vázquez (el herido) trató a éste (el acusado) con malas condiciones y entonces éste que estaba en la casa partió para el camino y al pasar el alambre brincó y le cayó a garnatadas y se emburujaron y en la emburujada vino el Sr. Flor Ribera y los separó y ya él se encontraba con las heridas."

Luego dijo que el acusado "estaba enfermo, bastante enfermo," y que Vázquez "se le tiró encima," antes de que el acusado sacara arma alguna. Que Vázquez era robusto, fuerte.

Florencio Ribera describe lo ocurrido así:

"Vázquez venía de Salinas para Palmarejo . . . . y Ceferino Torres venía delante y estaba parado y Dolores Velázquez y Alvarado como él se ha puesto, venía de Salinas y cuando enfrentó con éste en seguida le dijo: ¿qué tertulia es esa? ¿qué reunión es esa? nosotros le dijimos: tomando café, ¿Ud. gusta? y dice: no, gracias, a ese me dirijo yo, ese no es más que un canalla, un sinvergüenza y le tengo una guardada, me la debe, échate para acá: yo tengo unos chiquitos y los retiré y éste iba llegando donde estaba él y cuando veo yo que se tira Dolores de la bestia y le tiró y se fueron al suelo, y cuando vi que fueron al suelo acudí de mi casa y le quité a Dolores de encima a éste y lo aparté para allá y eché a éste para mi casa.—

¿Este hombre estaba enfermo?· R. Enfermo, si salió del tifus.— ¿Cuánto tiempo hacía que estaba convaleciente del tifus? R. Como cuatro o cinco días. ¿Estaba todavía muy débil? R. Sí, señor. ¿Cuando Ud. fué a quitárselo de encima, el otro estaba encima de éste? R. Sí, señor.''

El otro testigo Ortiz fué el médico que asistió al herido. Dijo que tenía dos heridas, una incisa poco penetrante debajo del homóplato izquierdo y otra incisa penetrante en el pulmón derecho, lóbulo inferior; una algo grave, la otra no. Y dijo además que alrededor de esos días había asistido al acusado que tuvo una tifoidea que duró veinte y siete días. Que el acusado debía estar en el período de convalecencia cuando ocurrió el suceso.

Esa fué toda la prueba. A nuestro juicio no sostiene la sentencia condenatoria dictada. El acusado, un hombre débil, convaleciente de una grave enfermedad, fué insultado por Vázquez o Alvarado, un hombre robusto, fuerte; no sólo insultado, cuando cruzaba el alambre que separaba su casa del camino, Vázquez se le tiró encima y lo derribó al suelo y en ese estado es que el acusado hace uso de su cuchilla plegadiza, un cortaplumas como dijo el testigo Ribera, y lo hiere. El acusado actuó en legítima defensa.

Parece conveniente llamar la atención además hacia el hecho de que la sentencia en esta causa aparece redactada en la misma forma que la pronunciada en el caso número 2527, *El Pueblo* v. *Cintrón*, que acabamos de anular porque no determina el delito del cual fué declarado culpable el·acusado. Después de la repetida jurisprudencia de esta Corte Suprema sobre la materia, no se explica satisfactoriamente esa deficiencia por parte de la corte de distrito.

*Debe revocarse la sentencia recurrida y absolverse al acusado.*

El Juez Asociado Señor Wolf no intervino en la vista de este caso.